JOHN BROEZEL, Jr., *et al.*, Appellant, *v.* CITY OF BUFFALO, Respondent.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Municipal corporations. Assessments.*—A preliminary resolution of the common council of the city of Buffalo, declaring that the proceedings are for the purpose of extending a certain street, and giving the lines of such extension to the termini of such line, is a sufficient compliance with the requirements of the charter of the city of Buffalo.

2. *Same.*—Where the notice of application for the appointment of commissioners states that such application will be made for their appointment, " to appraise such lands and property," it is also a sufficient compliance.

3. *Same. Proceedings, when not void.*—The proceeding, in an action brought by property owners, will not be vacated on the ground of irregularity, where there was no change in the description of the lands assessed to any of them.

Appeal from an order of the special term dismissing the complaint upon the merits, in an action brought to vacate and set aside, as a cloud upon title, certain local assessments. levied upon plaintiff's lands in extending Ellicott Street, in the City of Buffalo.

*George Clinton*, for appellants.

*M. F. Worthington* and *Frank C. Laughlin*, for respondent.

MACOMBER, J.—The common council of the city of Buffalo, on the 28th day of May, 1883, passed an ordinance for the acquisition of lands necessary to extend Ellicott street. from the southerly line of Seneca street to the northerly line of Exchange street, particularly describing the same.

This resolution having been approved by the mayor, the city did, on the 2d day of June, cause to be published in the official newspaper of the city, such notice of intention as. was declared by its resolution, which notice was published. on the 4th, 5th, 6th, 7th, 8th, 9th, 11th, 12th, 13th, 14th,. 15th and 16th days of that month, the 10th and 17th being Sundays. On the 18th day of June the common council passed a resolution of determination to take the lands above mentioned.

It is urged by the learned counsel for the appellants that the original resolution of intention, and the subsequent resolution of determination to take the lands, were insufficient to give jurisdiction to the superior court of the city of Buffalo, which subsequently, by proper proceedings, condemned the lands in pursuance of the provisions of the city charter,. inasmuch as the same do not specifically declare the use and purpose for which such lands are to be taken.

This contention seems to us to be rather a verbal criticism upon the language of the resolution, than an objection going to the merits. The preliminary resolution declared that it. was for the purpose of extending Ellicott street, giving the lines of such extension to the termini of such lines. This

is all that could be required, under the provisions of the charter, which provide that the purposes for which lands shall be taken shall be stated in the resolution.

On the 8th day of December, 1883, the counsel for the defendant, in pursuance of notice duly given, made an application in behalf of the defendant, upon due proof, for the appointment of commissioners to ascertain and report the just compensation to be paid to the owners and persons interested in the lands, and property to be taken and appropriated for laying out said street. Such is the finding of the trial judge. The language of the notice, however, was that the application would be made for the appointment of commissioners " to appraise such lands and property." This also seems to us to be a mere verbal criticism upon the notice. The commissioners proceeded, and did make what appears to be an award of just compensation to the owners and persons interested in the lands, in accordance with the law and substantially in accordance with the notice of motion.

It is further contended, in behalf of the appellants, that the proceedings were irregular and void, because changes were made in the description of lands which had the effect of taking from the assessed property lands which had been before assessed, and that in some cases lands not originally assessed were added to the roll, while the amounts originally assessed upon the different pieces of property were not changed. The fourteenth finding of fact, however, of the learned judge completely disposes of this proposition. Irregularities, it is true, had crept into the assessment roll, as they are very likely to do in proceedings of this character. The board of assessors, in pursuance of section 38 of title 7 of the city charter, undertook to, and actually did, correct such errors, but they did not strike out the assessment against any property contained in the roll, as originally presented to the common council by the city attorney, in which the plaintiffs, or any of them, were interested.

No name of a person or corporation assessed was changed, nor the amount assessed altered. No names were added to the assessment-roll after this time. The only change or alteration made by the board of assessors had reference solely to the description of the lands assessed, and, in the language of the finding: "In no instance was any change or alteration made in the description of any of the lands assessed to any of the plaintiffs to this action, but the changes or alterations made in the description were in respect to descriptions of lands assessed to others than these plaintiffs." This conclusion of fact is fully sustained by the evidence. The whole case shows that the assessors, in making and levying the assessment, assessed the whole amount ordered to be assessed upon the parcels of land benefited by the improvement, in proportion to such benefit, and that no one of the plaintiffs was affected by any mere correction of description which was made in the proceedings after they had been initiated.

The questions involved in the appeal, with a few exceptions, were thoroughly considered by the superior court of the city of Buffalo in these proceedings for the extension of Ellicott street, in an elaborate opinion, a copy of which has been furnished to us. The petition of the plaintiff Ferras was filled in that court before the bringing of this action, but while the petitions of all the other plaintiffs in this action were not presented in that proceeding until after this was begun, they were all considered by that court and disposed of by the decision and opinion already mentioned. While the judgment of the superior court is not a bar to this action, yet the cogency of the reasoning of the learned judge delivering the opinion would lead us to the same conclusion upon all the questions that were distinctively raised upon the proceedings for the acquisition of the land alone, irrespective of some facts which have been attempted to be shown *aliunde* in the action before us.

The questions not so specifically raised by the plaintiffs

in their proceedings in the superior court, were fully considered by the learned judge who tried this action, who has written an opinion in which we fully concur.

The judgment should be affirmed, with costs.

All concur.